# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KEVIN S. CHARLEY,

    Plaintiff,

v.

ALASKA STATE TROOPER SOMMERVILLE, SHERI OLSEN, and STATE OF ALASKA, OFFICE OF CHILDREN SERVICES,

    Defendants.

Case No. 3:24-cv-00172-SLG

## SCREENING ORDER

On August 7, 2024, self-represented prisoner, Kevin S. Charley, filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] On August 16, 2024, Mr. Charley filed extensive letters to the Court.[2] Shortly thereafter, the Court issued its Standing Order for Civil Rights Cases Filed by Self-Represented Prisoners.[3] At Docket 6, Mr. Charley filed a letter, construed by the Court to be a motion seeking a protective order and no contact order regarding numerous persons, associations, or governing bodies. Mr. Charley (hereinafter "Plaintiff") also filed a Notice of

---

[1] Dockets 1–3.

[2] Docket 4.

[3] Docket 5.

Change of Address with an attached narrative and exhibits,[4] four additional letters to the Court,[5] and a single page of a form complaint attempting to allege an additional claim.[6]

The Court has now screened Plaintiff's Complaint at Docket 1 in accordance with 28 U.S.C. §§ 1915(e) and 1915A. In its assessment, the Court did not evaluate the additional documents at Dockets 7 through 12, because a plaintiff may not simply file additional claims to amend a complaint.[7] A plaintiff must allege all his claims at the same time, because an "amended complaint supersedes the original complaint and renders it without legal effect."[8] For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is **DISMISSED**. However, Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

## BACKGROUND

Plaintiff alleges three separate due process claims against three separate Defendants. He sues each Defendant in their individual and official capacity.[9]

---

[4] Docket 7.

[5] Dockets 8–10.

[6] Docket 10.

[7] *See* Fed. R. Civ. P. 15(a);

[8] *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

[9] Docket 1 at 2.

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 2 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 2 of 18

First, Plaintiff alleges that Alaska State Trooper Sommerville violated his right to due process on June 17, 2024, by: (1) conspiring and using abusive tactics to prevent him from reporting a capital crime; (2) acting in inhumanly by lying about the Alaska and U.S. Constitutions; (3) keeping him from receiving government services; (4) preventing him from reporting crimes; (5) failing to render legal and financial aid; (6) tampering with a witness and a victim of a capital crime; (7) failing to render aid by not filing charges; (8) giving false testimony; and (9) slandering him to other law enforcement workers, health care workers, and utility workers.[10]

Second, Plaintiff alleges that Superintendent Sheri Olsen of the Mat-Su Pretrial correctional facility violated his right to due process from July 4, 2023, to July 26, 2024, by not allowing him to report a capital crime.[11] Plaintiff asserts that "I was denied reporting my testimony to either state or federal officials my victimization and testimony to the Steven Dohn murder kidnapping torture."[12]

Lastly, Plaintiff alleges that the Office of Children's Services violated his right to due process in May 2024, because "they did not follow I.C.W.A. law and separated my children from each other and their tribes."[13]

---

[10] Docket 1 at 3.

[11] Docket 1 at 4.

[12] Docket 1 at 4.

[13] Docket 1 at 5.

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 3 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 3 of 18

For relief, Plaintiff requests: (1) $241,000,000,000.00 in damages; (2) $333,000,000,000.00 in punitive damages; (3) an order requiring Defendants to follow the law; and (4) a default judgment, if Defendants do not respond to the Complaint.[14]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System and Plaintiff's pending state court criminal proceeding, Case No. 3PA-24-01414CR.[15]

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without prepaying the filing fee.[16] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)   fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.[17]

---

[14] Docket 1 at 8.

[15] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[16] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

[17] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 4 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 4 of 18

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[18] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[19] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[20]

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state a claim to relief that is plausible on its face."[21] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint,

---

[18] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[19] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[20] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). .

[22] *Ashcroft*, 556 U.S. at 678.

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 5 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 5 of 18

documents incorporated by reference in the complaint, and matters of judicial notice.[23] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[24]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[25] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[26] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[27] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[28] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[29]

---

[23] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[24] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[25] Fed. R. Civ. P. 8(a)(2).

[26] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[27] *Id.* (internal quotation marks and citation omitted).

[28] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[29] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 6 of 18
Case 3:24-cv-00172-SLG    Document 13    Filed 11/18/24    Page 6 of 18

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[30] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[31] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[32]

The Complaint articulates three claims. However, none of the three claims state sufficient plausible factual details that, if proven true, would state a claim for relief. In order to state a claim, Plaintiff must plead with sufficient clarity each claim for relief separately. The paragraphs should be numbered and either printed legibly or typewritten. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

### a. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal

---

[30] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[31] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[32] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 7 of 18
Case 3:24-cv-00172-SLG    Document 13    Filed 11/18/24    Page 7 of 18

statutes.[33] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[34] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by a federal statute.[35] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[36]

A defendant in a civil rights lawsuit must be a "person."[37] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if [the person] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [the person] is legally required to do that causes the deprivation of which complaint is made."[38] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[39]

---

[33] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[34] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[35] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[36] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[37] 42 U.S.C. § 1983.

[38] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[39] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 8 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 8 of 18

### i. States and State Agencies are not state actors

Plaintiff pleads Claim 3 against the Office of Children's Services, which is not a proper defendant, because states and state agencies are not persons under 42 U.S.C. § 1983. The Eleventh Amendment of the U.S. Constitution grants States sovereign immunity.[40] This makes the State of Alaska and its various entities, departments, and agencies immune from suit unless that immunity has been waived.[41] "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under [Section] 1983."[42] The State of Alaska has not made any waiver of its sovereign immunity for constitutional claims in federal court. Therefore, Plaintiff cannot sue the State of Alaska or any of its governmental agencies, divisions, or offices, such as the Office of Children's Services for a constitutional violation. Insofar as Claim 3 alleges a due process violation by the Office of Children's Services, that claim must be dismissed for failing to state a claim upon which relief may be granted.

---

[40] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] [A]mendment is but an exemplification"); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[41] *Kohn v. State Bar of California*, 87 F.4th 1021, 1025-26 (9th Cir. 2023) (en banc) (explaining that Eleventh Amendment immunity "extends not just to suits in which the state itself is a named party but also to those against an arm of the state") (citations and internal quotation marks omitted)), *cert. denied*, 144 S. Ct. 1465 (2024)); *see also Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (explaining that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court).

[42] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 9 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 9 of 18

### ii. Due Process Claims

Claims 1, 2, and 3 allege violations of due process. As discussed above, to sufficiently plead a claim under 42 U.S.C. § 1983, a plaintiff must show a violation of a Constitutional or federal civil right. Claims 1, 2, and 3 fail to adequately plead due process violations.

Claim 1 articulates several grievances about alleged actions or inactions by Trooper Sommerville. The Fifth Amendment of the U.S. Constitution protects an individual's privilege against self-incrimination, commonly known as the "right to remain silent."[43] However, the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, does not create a converse due process right to speak to law enforcement. The additional allegations in Claim 1 appear to focus on possible restrictions on Plaintiff's access to in various services, but without further factual detail the Court cannot identify a plausible constitutional claim. Claim 2 mirrors the allegations in Claim 1, but against the superintendent at Mat-Su Pretrial. Similarly, the Fifth and Fourteenth Amendments do not provide a right to report crimes or to speak to law enforcement.[44]

Lastly, Claim 3 alleges violations of the Indian Child Welfare Act, commonly known as ICWA. ICWA creates its own standalone cause of action at 25 U.S.C. §

---

[43] U.S. Const. V amend.; *see generally Miranda v. Arizona*, 384 U.S. 436 (1966).

[44] *Id.*

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 10 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 10 of 18

1914.[45] This enables a child, parent, custodian, or tribe to petition a "court of competent jurisdiction" to enforce the jurisdictional, procedural, or substantive rights of ICWA.[46] "At the heart of ICWA lies a jurisdictional scheme aimed at ensuring that tribes have a role in adjudicating and participating in child custody proceedings involving [Alaska Native] children both on and off the reservation."[47] ICWA provides concurrent jurisdiction to state and tribal courts for child in need of aid proceedings in Alaska.[48] Without additional factual support, the Court cannot determine whether it may have jurisdiction over Claim 3.[49]

Regardless of the applicability of ICWA, parents and children possess a liberty interest in companionship and society with each other, which is protected by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.[50] A claim of interference with the parent-child relationship may be brought as either a procedural due process claim or a substantive due process claim. Procedural due process claims typically arise when a state official removes

---

[45] *See also* 25 U.S.C. § 1901, *et seq*. (codification of the Indian Child Welfare Act of 1978).

[46] 25 U.S.C. § 1911–13.

[47] *Doe v. Mann*, 415 F.3d 1038, 1049 (9th Cir. 2005).

[48] *Id*. at 1068 (holding that California, a Public Law 280 state, properly exercises concurrent jurisdiction over child welfare proceedings that involve Indian children).

[49] *Id*. at 1041 (holding that federal district courts have "the authority to invalidate a state court actions that violation §§ 1911, 1912, and 1913" of ICWA).

[50] *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc); *Kelson v. City of Springfield,* 767 F.2d 651, 654 (9th Cir. 1985).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 11 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 11 of 18

a child from her parent's care. For such claims, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies."[51] Substantive due process claims typically involve egregious conduct or the use of excessive force. But official conduct only violates substantive due process when it "shocks the conscience."[52] Under the overarching test of whether the official's conduct "shocks the conscience" are two standards: the more demanding "purpose to harm" standard and the lesser "deliberate indifference" standard.[53] To determine which of the two standards govern, courts look at the context of the events leading to the deprivation.[54]

Claims 1, 2, and 3 fail to allege sufficient plausible factual details that, if proven true, would state a constitutional claim for relief under 42 U.S.C. § 1983 or ICWA. All three claims must be dismissed for failure to state a claim upon which relief may be granted.

## II. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[55] Any claim not included in the amended complaint will be considered waived. However,

---

[51] *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (quoting *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001)).

[52] *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)).

[53] *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

[54] *See Id.*

[55] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 12 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 12 of 18

an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[56] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not and should not file exhibits or evidence to attempt to prove his case at the pleading stage.[57] Rather, a complaint need only allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[58] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[59] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered

---

[56] Fed. R. Civ. P. 8(a)(2).

[57] Although a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[58] Fed. Rule Civ. Proc. 8(a)(2).

[59] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 13 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 13 of 18

short paragraphs, with no paragraph number being repeated anywhere in the complaint.[60] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff. Neither the Court nor the defendants are required to search through a plaintiff's lengthy complaint in an effort to try to pull out facts and allegations regarding each defendant. And, if handwritten, an amended complaint must be legible.

Plaintiff should not file correspondence or letters to the Court. Any relief requested from the Court apart from the amended complaint must be filed as a motion with the case caption as per this order.[61] A motion must be made in writing, explain "with particularity the grounds for seeking the order," and "state the relief sought."[62]

---

[60] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[61] Fed. R. Civ. P. (7)(b)(2).

[62] Fed. R. Civ. P. 7(b)(1).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 14 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 14 of 18

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended claim would be the appropriate avenue for Plaintiff to bring any additional claims he may have plead in his letters. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff and a strike issued against him. The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" if his case is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[63] The "three strikes" provision was "designed to filter out the bad claims and facilitate

---

[63] 28 U.S.C.A. § 1915(g).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 15 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 15 of 18

consideration of the good."[64] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[65] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[66] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[67] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[68]

4. Plaintiff's application to waive prepayment of the filing fee at Docket 3 is **GRANTED**.

5. All other pending motions are **DENIED without prejudice as moot.**

6. Plaintiff is advised that federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing

---

[64] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[65] 28 U.S.C. § 1915(g).

[66] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[67] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[68] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 16 of 18
Case 3:24-cv-00172-SLG    Document 13    Filed 11/18/24    Page 16 of 18

fee incrementally until paid in full, regardless of the outcome of the action.[69] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the filing fee.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[70] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[71] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

---

[69] 28 U.S.C. § 1915(b)(1)&(2).

[70] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[71] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 17 of 18
Case 3:24-cv-00172-SLG     Document 13     Filed 11/18/24     Page 17 of 18

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[72] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 18th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[72] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00172-SLG; *Charley v. Sommerville, et al.*
Screening Order
Page 18 of 18
Case 3:24-cv-00172-SLG   Document 13   Filed 11/18/24   Page 18 of 18