IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KEVIN SCOTT CHARLEY,

        Plaintiff,

v.

JASON SOMERVILLE, Alaska State Trooper, *et al.,*

        Defendants.

Case No. 3:24-cv-00172-SLG

## ORDER OF DISMISSAL & NOTICE OF STRIKE

On November 18, 2024, the Court issued a Screening Order identifying the deficiencies in the Complaint and providing self-represented prisoner Kevin Scott Charley ("Plaintiff") an opportunity to file an amended complaint that would address the deficiencies identified in the order.[1] Plaintiff filed a First Amended Complaint ("FAC") on December 17, 2024.[2] Then, on December 30, 2024, Plaintiff filed a motion for court-appointed counsel with accompanying financial affidavit.[3] On January 13, 2025, Plaintiff filed a motion to amend Claims 4-7, a motion to compel

---

[1] Docket 13.

[2] Docket 14.

[3] Dockets 15-16.

summary judgment, and a motion to compel/amend all docket entries.[4] On January 22, 2025, Plaintiff filed additional documents.[5]

In the FAC, Plaintiff restates his three previous claims (Claims 1-3) and adds new claims (Claims 4-7) against three defendants not named in the original filing. He later filed a motion to amend Claims 4-7,[6] but attached a document appearing to restate only Claim 1 against Alaska State Trooper Sommerville.[7] In its Screening Order, the Court specifically informed Plaintiff that "[a]lthough Plaintiff is being given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims."[8] Claims 4-7 of the FAC are far outside the scope of the leave to file an amended complaint that the Screening Order permitted,[9] and are therefore dismissed without prejudice. If Plaintiff wishes to pursue Claims 4 through 7, he must file a separate new case. Additionally, the Court will not consider the various arguments contained in Plaintiff's subsequent filings. Rather, this order focuses solely on whether Claims 1 through 3 of the First Amended Complaint state a viable cause of action, in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Based on that review, the Court

---

[4] Dockets 17-19.

[5] Docket 20.

[6] Docket 17.

[7] Docket 17-1.

[8] Docket 13 at 13.

[9] Docket 14 at 6-9.

Case No. 3:24-cv-00172-SLG, *Charley v. Sommerville, et al.*
Order of Dismissal
Page 2 of 8
Case 3:24-cv-00172-SLG   Document 21   Filed 04/07/25   Page 2 of 8

finds that Claims 1 through 3 of the FAC each fail to state sufficient facts that, accepted as true, would establish a plausible claim for relief. To the contrary, despite the Court's issuance of an 18-page Screening Order identifying deficiencies in the initial Complaint, the FAC contains many of the same deficiencies that the Court identified were in the original Complaint. The Court therefore further finds that allowing Mr. Charley leave to file a second amended complaint would be futile and will therefore dismiss this case. This dismissal counts as a strike under the 28 U.S.C. § 1915(g).

## DISCUSSION

### A. Plaintiff cannot name the State of Alaska or a State Agency as a defendant in a civil rights case

In Claim 3, Plaintiff again alleges the State of Alaska's Office of Children and Family Services violated Plaintiff's right to court access and violated Plaintiff's "constitutional rights concerning I.C.W.A law."[10] The allegation is substantially the same as the prior conclusory allegation for this Claim. The Court's prior Screening Order informed Plaintiff that the Office of Children's Services is not a proper defendant in a civil rights case because states and state agencies are not persons under 42 U.S.C. § 1983, and because state agencies are immune from suit in federal court.[11] The Screening Order also provided information about due process and the Indian Child Welfare Act. However, instead of naming any specific

---

[10] Docket 14 at 5, Claim 3.

[11] Docket 13 at 9.

Case No. 3:24-cv-00172-SLG, *Charley v. Sommerville, et al.*
Order of Dismissal
Page 3 of 8
Case 3:24-cv-00172-SLG     Document 21     Filed 04/07/25     Page 3 of 8

individual defendant, Claim 3 of the FAC again improperly names the state agency. The Office of Children and Family Services must be dismissed as an improper defendant. Further, the Court informed Plaintiff that to state a claim, he must "identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him." [12] Claim 3 of Plaintiff's FAC makes no attempt whatsoever to following this directive. The Court finds according to Mr. Charley another opportunity to amend Claim 3 would be futile because Plaintiff has shown he is either unable or unwilling to correct these (and other) deficiencies identified in the Screening Order. Therefore, Claim 3 must be dismissed without leave to amend.

### B. Plaintiff's Claims 1 and 2

In Claim 1, Plaintiff alleges that Trooper Somerville did not let him file a complaint for murder, provided false information at Plaintiff's sentencing hearing, did not file criminal charges or a HIPPA violation, maliciously prosecuted Plaintiff and elicited fabricated grand jury testimony.[13] In Claim 2, Plaintiff alleges that Sheri Olsen did not allow him to file a criminal complaint "concerning a capital crime."[14]

---

[12] Docket 13 at 7.

[13] Docket 14 at 3.

[14] Docket 14 at 4.

Case No. 3:24-cv-00172-SLG, *Charley v. Sommerville, et al.*
Order of Dismissal
Page 4 of 8
Case 3:24-cv-00172-SLG   Document 21   Filed 04/07/25   Page 4 of 8

Both claims appear to allege that each Defendant violated Plaintiff's right to access the courts by not filing criminal charges at his request. But as the Court previously informed Plaintiff, "the Fifth and Fourteenth Amendments do not provide a right to report crimes or to speak to law enforcement."[15] Neither Claim 1 nor Claim 2 of Plaintiff's FAC has pleaded facts, which if accepted as true, state a plausible access-to-courts claim against AST Sommerville or Sheri Olsen for a denial of access to courts on this basis. Because Claims 1 and 2 have the same deficiency this Court previously identified in the Complaint with respect to these claims, Claim 1 must be dismissed in its entirety as to Defendant Olsen, and this aspect of Claim 2 must be dismissed as to Trooper Sommerville. Further, because this is the same deficiency that this Court earlier identified in the Screening Order and it cannot be remedied, these claims must be dismissed without leave to amend, as a further opportunity to file an amended complaint would be futile.

In Claim 1, Mr. Charley also asserts that Defendant Somerville "did not file a HIPPA violation even though he had knowledge thereof violation."[16] However, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") does not provide a private cause of action and is not enforceable through Section 1983.[17] Therefore, this aspect of Claim 1 against Trooper Somerville must also be

---

[15] Docket 13 at 10.

[16] Docket 14 at 3.

[17] *Webb v. Smart Document Sols.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007).

Case No. 3:24-cv-00172-SLG, *Charley v. Sommerville, et al.*
Order of Dismissal
Page 5 of 8
Case 3:24-cv-00172-SLG   Document 21   Filed 04/07/25   Page 5 of 8

dismissed without leave to amend, as permitting amendment to attempt to state such a claim would be futile.

Construed liberally, Claim 1 may also be attempting to assert a claim against Trooper Somerville for wrongful prosecution or deliberate fabrication of evidence. The Court takes judicial notice of the Courtview records of the Alaska Trial Courts, which include a recent disorderly conduct conviction after a guilty plea[18] and an ongoing case charging Plaintiff with ten counts of criminally burning a state forest.[19] Plaintiff does not indicate which specific state court criminal case he is challenging. This aspect of Plaintiff's Claim 1 against Trooper Somerville is substantially similar to his Claim 1 against him in the original Complaint—it is vague and conclusory. As the Court explained in the Screening Order, Claim 1 of the original Complaint failed to state a claim because it did "identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs."[20] Claim 1 of the FAC fails to make an apparent attempt to

---

[18] *State of Alaska vs. Charley, Kevin Scott*, Case No. 3GL-24-00035CR.

[19] *State of Alaska vs. Charley, Kevin Scott,* Case No. 3PA-24-01414CR, Party Charge Information (Charges 1-8: AS41.15.150: State Forest-Criminal Burning 1 (Class B Felony); Charges 9-10: AS41.15.155(a): State Forest - Burning 2 (Class B Felony)).

[20] Docket 13 at 13-14.

Case No. 3:24-cv-00172-SLG, *Charley v. Sommerville, et al.*
Order of Dismissal
Page 6 of 8
Case 3:24-cv-00172-SLG   Document 21   Filed 04/07/25   Page 6 of 8

comply with these directives. As such, permitting leave to file another amended complaint in an effort to correct these deficiencies would be futile.

For the foregoing reasons, this action must be dismissed for failure to state a claim and this case closed.

## This Dismissal Counts as a "Strike"

This dismissal counts as a strike under the 28 U.S.C. § 1915(g). The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" if his case is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[21] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[22] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[23] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[24] It cannot be triggered solely by complaints of past injury or generalized fears of possible future

---

[21] 28 U.S.C. § 1915(g).

[22] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[23] 28 U.S.C. § 1915(g).

[24] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

Case No. 3:24-cv-00172-SLG, *Charley v. Sommerville, et al.*
Order of Dismissal
Page 7 of 8
Case 3:24-cv-00172-SLG    Document 21    Filed 04/07/25    Page 7 of 8

harm.[25] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[26]

**IT IS THEREFORE ORDERED:**

1. This case **is DISMISSED for failure to state a claim**.

2. All pending motions are **DENIED as moot.**

3. This dismissal counts as a **STRIKE** under 28 U.S.C.§ 1915(g).

4. Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis.

5. The Clerk shall issue a final judgment and close this case.

DATED this 7th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[25] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[26] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

Case No. 3:24-cv-00172-SLG, *Charley v. Sommerville, et al.*
Order of Dismissal
Page 8 of 8
Case 3:24-cv-00172-SLG    Document 21    Filed 04/07/25    Page 8 of 8